HENRY O'CONNELL, for the use of Fred C. Wilson, Appellee, *vs.* C. V. McCLENATHAN.—(JOHN O'CONNELL, Intervenor, Appellant.)

*Opinion filed February 25, 1911.*

1. APPEALS AND ERRORS—*right of intervenor in garnishment to appeal.* A legatee who was made a party to a garnishment proceeding by a judgment creditor of another legatee against the executor, and whose claim of title to the fund by assignment from the debtor and his contention that the statute authorizing the proceeding against the executor was unconstitutional were not allowed by the trial court, which entered judgment against him dismissing his intervening petition and for costs, is entitled to prosecute his separate appeal, even though the executor, who also prayed a separate appeal and filed a bond, did not further prosecute the appeal.

2. GARNISHMENT—*purpose of act of 1897, relating to garnishment of executors and administrators.* Prior to the act of 1897, (Laws of 1897, p. 231,) there was no specific authority for summoning an executor or administrator as a garnishee by a judgment creditor of an heir, devisee or legatee, and the purpose of the act was to subject executors and administrators to garnishment process at any time after letters were issued.

3. SAME—*the act of 1897, relating to garnishment of executors and administrators, is not complete in itself.* The act of 1897, in relation to garnishment of executors and administrators, while it consists of but one section and purports by its title to be an independent act, is not complete in itself and is clearly intended as an amendment to the existing garnishment and attachment law, although it is not so indicated in its title.

4. CONSTITUTIONAL LAW—*the act of 1897, authorizing garnishment of executors and administrators, is invalid.* The act of 1897, (Laws of 1897, p. 231,) relating to garnishment of executors and administrators, is unconstitutional, in that it purports by its title to be an independent act but is not complete in itself, but is, in fact, an amendment of the existing garnishment and attachment law, in disregard of section 13 of article 4 of the constitution. (*Badenoch* v. *City of Chicago,* 222 Ill. 71, followed.)

5. Same—*no part of the act of 1897, relating to garnishment of executors and administrators, can be sustained.* The act of 1897, relating to garnishment of executors and administrators, consists of a single section, no part of which can be sustained as a complete and independent act; and the provision requiring an assignment by an heir, devisee or legatee to be in writing and filed in the office of the clerk of the court which issued the letters testamentary or of administration, before service of process, cannot be sustained.

6. Same—*what does not render act invalid if it is complete in itself.* The fact that the subject of an act, which purports by its title to be an independent act, has been previously dealt with by other statutes which the later act has the effect to repeal or amend, does not render the later act invalid if it is complete in itself.

Appeal from the County Court of Vermilion county; the Hon. Lawrence T. Allen, Judge, presiding.

Dwyer & Dwyer, (Keeslar & Gunn, of counsel,) for appellant.

Walter C. Lindley, (Frank Lindley, and Fred B. Penwell, of counsel,) for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from a judgment of the county court of Vermilion county against appellant, dismissing his interplea in an action of garnishment and awarding costs against him. The garnishment proceeding was brought in the name of Henry O'Connell, for the use of Fred C. Wilson, against C. V. McClenathan, executor of the last will and testament of Daniel O'Connell, deceased. At the September term, 1908, of the county court of Vermilion county, Fred C. Wilson obtained a judgment against Henry O'Connell for the sum of $229.78. A writ of garnishment was issued October 13, 1908, upon said judgment and served upon C. V. McClenathan, executor of the last will and testament of Daniel O'Connell, deceased, the father of Henry O'Connell, to reach the distributive share of said Henry O'Connell in said estate. Interrogatories were filed, and

the executor answered that the estate of Daniel O'Connell, deceased, was not and would not be indebted to the said Henry O'Connell. The answer disclosed that by the terms of the will the executor was directed to convert into cash all property bequeathed to him as soon as practicable after the death of the testator, and, after payment of debts and certain bequests, to distribute the remainder among the children of the testator, including said Henry O'Connell, each to receive one-tenth part; that said estate had been converted into cash by the executor and the sum of $20,000 realized and that no order of distribution had been made. The answer stated that said Henry O'Connell, on October 2, 1908, by an instrument in writing under seal, for a valuable consideration had assigned all interest in said estate to his brother, John O'Connell. A copy of the assignment was served on the executor·on or about the second day of October, 1908, but was never filed in the probate court. The executor further answered that he had in his possession the sum of about $360, which would be the property of Henry O'Connell but by virtue of the assignment belonged and would be paid to John O'Connell. Upon the filing of the answer, on motion of plaintiff (appellee here) an order was entered making John O'Connell a party. Exceptions to the answer were filed on the ground that the assignment set forth therein was invalid as against the plaintiff. On January 29, 1909, the said John O'Connell filed his interplea, in which he set out the death of the said Daniel O'Connell, the appointment of the executor, the provisions of the will, the conversion of the property into cash and the assignment to him by said Henry O'Connell of his interest in said estate, and averred that by said assignment he had acquired all the interest of Henry O'Connell in said estate. By an amendment to the interplea, subsequently filed, it was alleged that the act in relation to the garnishment of administrators and executors, approved June 11, 1897, in force July 1, 1897, is unconstitutional and void. Exceptions filed

by appellee to the answer of the garnishee were allowed to
stand as exceptions to the amended interplea of the said
John O'Connell, and were treated by the court as a demurrer
and were sustained both to the answer of the executor and
the interplea of the appellant, and judgment was rendered
against the appellant dismissing his interplea and for costs.
The court found that the executor, had, at the time of the
service of the summons upon him, the sum of $360 which
was the property and estate of the said Henry O'Connell,
and rendered judgment in favor of Henry O'Connell, for
the use of Fred C. Wilson, for the sum of $246.90, and
ordered the executor to pay that sum to the plaintiff.   Sep-
arate appeals were prayed by the executor and intervenor.
Both filed appeal bonds, which were approved, but the ex-
ecutor did not further prosecute his appeal, and this appeal
is prosecuted by the intervenor, John O'Connell.

It is contended by appellee that this appeal should be
dismissed because the executor has not prosecuted his ap-
peal from the judgment rendered against him.   Appellant
was made a party to the proceeding upon the motion and
request of the appellee.   He filed an interplea, claiming the
property sought to be reached by appellee as his property,
setting up in his plea the title he claimed to the property
and that the statute under which appellee sought to recover
the property was unconstitutional and afforded no warrant
for a judgment in appellee's favor.   The court held the ap-
pellant's plea did not show any title in him to the money
sought to be reached, that the statute under which the pro-
ceeding to recover the money by appellee was instituted was
valid, and rendered judgment against appellant, dismissing
his petition and for costs.   We think he was entitled to
prosecute this appeal.

. Appellee relied on an act in relation to the garnishment
of administrators and executors, passed in 1897, to sustain
the proceeding.   Appellant denied the constitutionality of
the statute, and the appeal was therefore prosecuted direct

to this court. The statute referred to is entitled "An act in relation to the garnishment of administrators and executors," approved June 11, 1897, in force July 1, 1897. (Laws of 1897, p. 231.) It is contended by appellant that said act is an amendment to the previous statute on garnishment and is in violation of section 13 of article 4 of the constitution of this State, which provides that "no law shall be revived or amended by reference to its title only, but the law revived or the section amended shall be inserted at length in the new act." The act consists of one section, and authorizes the garnishment of administrators and executors with respect to any moneys, goods, chattels, lands, tenements or other estate belonging to any devisee or legatee under any will or to any heir or distributee of any estate, but no final judgment can be rendered against such executor or administrator until after an order of distribution has been made by the court out of which letters-testamentary or of administration issued. It also provides that no assignment, transfer or other disposition by any heir, legatee or devisee, of his distributive share in the hands of an administrator or executor, shall defeat the garnishment unless the assignment is reduced to writing and filed with the clerk of the court out of which letters were issued, before service of process of garnishment upon the administrator or executor. Appellee concedes that he was not entitled to judgment unless this statute was a valid enactment. He contends that it is not an amendment to the Garnishment act but is a separate and independent act, complete within itself. It is not denied that if it is an amendatory act it is invalid. Prior to the passage of said act there was no specific authority in the statute on garnishment for summoning an administrator or executor as a garnishee by a judgment creditor of an heir, devisee or legatee, but it has been held by the courts that an executor or administrator might be summoned by garnishment process after an order of distribution had been made. The

purpose of the act of 1897 was to subject administrators and executors to garnishment process at any time after letters were issued, but it is not complete within itself, and it seems entirely clear that it was intended as an amendment to the existing statute although this is not indicated by its title. The title indicates that it is an independent act. The fact that the subject it deals with had been previously dealt with by the legislature in other statutes which the later act would repeal or modify would not render such later act invalid if complete within itself.

The validity of an act relating to the assessment of property, in force July 1, 1898, was considered by this court in *People* v. *Knopf,* 183 Ill. 410, and the validity of the act was challenged upon the same grounds upon which the act before us is challenged. It was there said (p. 415) : "So far as the title goes, the act purports to be a complete law in itself and to make provision for the assessment of property throughout the State and to provide the means therefor. If it can be held to be such a law, constituting a complete and entire act of legislation on the subject which it purports to deal with, it will be deemed good and not subject to the constitutional prohibition, notwithstanding it may repeal by implication, or modify, the provisions of prior existing laws. On the other hand, if the act is merely an attempt to amend the old law for the assessment of property by intermingling new and different provisions with the old ones or by adding new provisions, so as to create out of the existing laws and this act together an act for the assessment of property, then the act is clearly amendatory of the old law, and the requirement of the constitution is that the law so amended must be inserted at length in the new act. The character of the act in this respect must be determined, not by the title alone nor the question whether the act professes to be an amendment of existing laws, but by an examination and comparison of its provisions with prior laws which are left in force."

We do not think the case before us can be distinguished from *Badenoch* v. *City of Chicago,* 222 Ill. 71. In that case an act entitled "An act to subject the salary and wages of officers and employees of counties, cities, villages, school districts and departments of either thereof to garnishment and attachment," approved May 11, 1905, in force July 1, 1905, was held invalid. It was contended the act was not a complete and independent act but was an amendment to existing statutes and was in violation of section 13 of article 4 of the constitution. That act, like the one now under consideration, purported, by its title, to be a complete act upon the subject with which it dealt. The court held the act invalid, and the reasons given are as applicable to this case as they were to that case. The court said, in part (p. 80) : "In the act under consideration the attachment and garnishment of the salaries and wages of officers and employees of certain municipal corporations are the subjects dealt with, and while the title of the act purports to be the title of a complete act, it appears from the body of the act that it is not a complete act within itself, but that the act is by itself, and when considered alone, wholly ineffective and inoperative, and that its provisions cannot be made effective and operative except by engrafting the new act upon the attachment and garnishment acts heretofore in force in this State. In the new act no provision is made for reducing the garnisheeing creditor's claim to judgment or for exhausting his remedy against his debtor's tangible property by issuing an execution and having it returned no property found before a garnishment proceeding is commenced, nor is there any method pointed out in the new act for setting the garnishment proceeding in operation by the filing of an affidavit that the garnisheeing creditor has reduced his claim to judgment, that the personal property of his debtor has been exhausted, and that the municipality or officer sought to be garnisheed is indebted to the officer or employee against whom he has judgment. All the pro-

visions regulating these matters must be found in the general statutes upon the subject of garnishment, and in the new act the grounds for attachment are not stated, and the affidavit and bond, which are prerequisites to the issuing of a writ of attachment, are not found, but these matters must also be sought in the general statutes of the State regulating the issuing of writs of attachment. It thus appears that the act of 1905 is not a complete act within itself, and that it amounts to nothing more than an attempt to change the existing statutes of the State upon the subject of attachment and garnishment, so as to make them broad enough to include within their terms the attachment and garnishment of the salaries and wages of the officers and employees of the municipal corporations named in the new act by intermingling the provisions of the new act with those of the old statutes upon those subjects, the effect of which clearly is to bring the new statute within the view expressed in the *Knopf case,* and to render it unconstitutional and void, as amounting to amendments of the general statutes upon the subjects of attachment and garnishment heretofore in force in this State."

Appellee contends that if the first clause of the section, which authorizes the garnishment of executors and administrators, is invalid, the last clause of the section, which relates to the assignment and filing of the instrument of assignment in the county or probate court, is not subject to any constitutional objection and should be held valid. We cannot agree with this contention. As we have said, the entire act consists of one section, and no part of it can be sustained as a complete and independent act.

In our opinion the statute under which the garnishment proceeding was instituted and prosecuted is unconstitutional and void, and the judgment of the county court was therefore erroneous. The judgment is reversed and the cause remanded.         *Reversed and remanded.*