S. HUNTER MICHAELS, Appellant, *vs.* GILFORD H. HILL
*et al.* Appellees.

*Opinion filed December 21, 1927.*

1. STATUTES—*a statute is presumed valid.* An act of the legis-
lature is presumed to be valid and all doubts or uncertainty aris-
ing from the language of the act or of the constitution must be
resolved in favor of the validity of the statute, and it is only where
there is a clear conflict with the constitution that the act will be
declared void.

2. SAME—*when provisions of act are included in title.* To ren-
der the provisions of an act void as not embraced in the title it
must be seen that they are incongruous with or have no proper
connection with or relation to the title, and all matters are prop-
erly included in the act which are germane to the title and relate
to the same general subject.

3. SAME—*what is the "subject" of an act.* The word "sub-
ject," as used in the constitutional provision in regard to the title
of an act, signifies "the matter or thing forming the groundwork,"
and it may contain many parts which grow out of it and are ger-
mane to it, and which, if traced back, will lead the mind to it as
the generic head.

4. SAME—*title is not required to be index of provisions of act.*
It is not required that the title of an act be so worded as to form
an index to all the provisions contained therein or that the sub-
ject be specifically and exactly expressed, and the mere mention-

ing in the title of related particulars is not a stating of a plurality of subjects.

5. CONSTITUTIONAL LAW—*act of 1927 amending act of 1901 concerning levy and extension of taxes is invalid.* The act of July 7, 1927, amending the act of 1901 concerning the levy and extension of taxes and adding a new section limiting the indebtedness of municipalities and school districts, violates the provision of section 13 of article 4 of the constitution that no act shall embrace more than one subject and that shall be expressed in the title, as both the title and the body of the act contain unrelated subjects; but it does not violate the further provision of the same section of the constitution in regard to amendments.

6. SAME—*general rule as to when statute violates constitutional provision in regard to amendments.* Whether a statute violates the provision of section 13 of article 4 of the constitution in regard to amendments must be determined not alone by the title and by whether it purports to be an amendment of existing laws but by an examination and comparison of its provisions with the prior law as last in force, and if the new statute is complete in itself and does not depend on the prior law for its effect, it is not subject to the constitutional prohibition notwithstanding it may repeal by implication or modify provisions of existing laws, as the constitution does not require that when a new act is passed all prior acts in any way modified by it shall be published at length in the new act.

7. SAME—*cities may be classified for legislative purposes.* The constitution does not require that every city, hamlet, village or municipality shall have the same organization, officers or powers, and a classification based upon substantial differences in population, and a resulting necessity for different powers, is valid.

8. SAME—*entire act must be held void where title and body of act embrace unrelated subjects.* The rule that where part of a statute is unconstitutional the entire act will not be declared so if the invalid part is distinct and separate cannot be applied where both the title and the body of the act embrace unrelated subjects, as in such case it is impossible to choose between the two and hold one valid and the other void, and the entire act must be declared void as against section 13 of article 4 of the constitution.

APPEAL from the Circuit Court of DuPage county; the Hon. WILLIAM J. FULTON, Judge, presiding.

LOCKE & BAKER, and RANKIN & LUSTFIELD, (RICHARD F. LOCKE, of counsel,) for appellant.

H. S. PETTIS, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellant filed a petition in the circuit court of DuPage county for a writ of *mandamus* to compel the appellees, members of the board of education of school district No. 44 in that county, and others, to issue certain school bonds theretofore authorized by vote of the district. The defendants to the petition filed a general demurrer thereto, which was sustained, and the appellant having stood by his petition, it was dismissed. He brings the cause here for review.

The petition, after averring the existence of the school district and facts concerning its organization, alleges that pursuant to a petition of more than 300 voters of the district the board of education called a special election to vote on the propositions of selecting and purchasing a new school house site, the building of a new school house and the issuance of $45,000 in bonds of the district. This election was held on May 14, 1927, and a majority of the voters voted in the affirmative on all the propositions, thus authorizing the board of education to issue bonds of the district in the sum of $45,000, dated June 1, 1927. The petition avers that the board thereafter adopted a resolution providing for the issuance of the bonds, prescribing their form, directing that the same be executed and delivered, and directing the levy of a tax sufficient to pay the principal of said bonds and interest thereon, of which action a record was made according to law; that $17,000 of the bonds have been executed, issued and delivered to the purchaser thereof and paid for by him and $28,000 of the bonds have not been delivered or executed; that although demand has been made on the defendants to execute and deliver the bonds in compliance with said proceedings, they and all of them refuse so to do. The petition avers that

the full value of the taxable property in the school district is $2,360,820 and the assessed value thereof as last extended previous to the election authorizing the bonds is $1,180,410; that the aggregate indebtedness of the district is a bond issue of $12,000, exclusive of the $45,000 authorized at the election by the voters of the district; that taxes have been levied, collectible in the year 1928, for educational and building purposes sufficient to pay the ordinary operating expenses of the district.

At the 1927 session of the legislature an act was passed amending an act concerning the levy and extension of taxes and adding thereto a new section designated as section 3. (Laws of 1927, pp. 723-727.) This new section is as follows: "No county having a population of less than 500,000 and no city, township, school district or other municipal corporation having a population of less than 300,000, shall become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding two and one-half (2½) per-centum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness." This act was approved and became effective on July 7, 1927. Counsel for appellant say that the effect of this act, so far as this bond issue is concerned, is to reduce the bonding capacity of the school district from $59,020.50 to $29,510.25, and that it is for this reason that the appellees have refused to issue the remainder of the bonds.

The only question raised here is as to the constitutionality of the act of 1927. The grounds upon which appellant contends it is unconstitutional and void are, first, that it contravenes section 13 of article 4 of the constitution, which provides in part: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall

be void only as to so much thereof as shall not be so expressed; and no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." The second ground upon which the invalidity of the act is urged is, that it contravenes section 22 of article 4 of the constitution, in that it provides for a classification of counties, cities, townships, school districts and other municipalities which unreasonably discriminates against the smaller counties and municipalities.

Does this act violate section 13 of article 4 of the constitution of this State? This question is to be approached with a recognition of the well established rule that acts of the legislature are presumed to be valid. All doubts or uncertainty arising from the language of the constitution or of the act must be resolved in favor of the validity of the act, and the court will assume to declare it void only in case of a clear conflict with the constitution. It is the duty of the court to so construe acts of the legislature as to uphold their constitutionality if such can reasonably be done. If their construction is doubtful the doubt is to be resolved in favor of the law. (*People* v. *Newcom,* 318 Ill. 188; *People* v. *McBride,* 234 id. 146; *Arms* v. *Ayer,* 192 id. 601.) To render an act or a portion thereof void as not embraced in the title it must be seen that it is incongruous with or has no proper connection with or relation to the title. If by any fair construction the provisions of such act have a necessary or proper connection with or relation to the title it is not open to this objection. (*People* v. *McBride, supra; Hudnall* v. *Ham,* 172 Ill. 76.) The word "subject," as used in the constitution, signifies "the matter or thing forming the groundwork." It may contain many parts which grow out of it and are germane to it, and which, if traced back, will lead the mind to it as the generic head. (*People* v. *Solomon,* 265 Ill. 28; *People* v. *Sargent,* 254 id. 514; *O'Leary* v. *County of Cook,*

28 id. 534.) It is not required that the title of an act be so worded as to form an index to all the provisions contained therein, and mere mentioning in the title of related particulars is not a stating of a plurality of subjects. *People* v. *Sargent, supra; Ritchie* v. *People,* 155 Ill. 98.

The title of the act in question is as follows: "An act to amend the title and section 2 of an act entitled 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as amended, and to add a new section thereto to be known as section 3." Section 1 of the act provides: "That section 2 of an act entitled 'An act concerning the levy and extension of taxes,' approved May 9, 1901, as amended, is hereby amended to read as follows:" Section 2 of the act of 1901 as amended is thereupon set out in full. Section 2 provides: "That said act be and the same is hereby further amended by adding thereto a new section to be known as section 3, to read as follows:" Thereupon follows the new section hereinbefore quoted. The last section provides that the title of the act be amended to read as follows: "An act concerning the levy and extension of taxes, and also providing for a limitation of indebtedness in counties having a population of less than 500,000 and in cities, townships, school districts and other municipal corporations having a population of less than 300,000."

Counsel for appellant urge that both the title and the body of the act contain two unrelated subjects, and that the act therefore violates the provision of section 13 of article 4 of the constitution, that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title," and is therefore void *in toto.*

The rule consistently adhered to is that all matters are properly included in an act which are germane to the title, and those matters may be included in the title which relate to the same general subject. While it cannot be doubted

that the provisions of section 3 are within the title of the act as that title is amended, the question arises whether the title contains more than one subject. The subject of an act may be expressed in the title by the use of a brief general form, as in case of the Criminal Code, which is entitled, "An act to revise the law in relation to criminal jurisprudence." Necessarily there are many things included in an act which are not expressed in the general title except as they are related to or have some more or less direct connection with the general subject legislated upon. The prohibition of section 13 of article 4 is against the use of two subjects in the title or in the act. It is not required that the subject of the bill passed by the legislature be specifically and exactly expressed in the title or that the title shall be an index to the details of the act. *Ritchie* v. *People, supra;* Sutherland on Stat. Const. secs. 82, 85, 86, 88, 92-96; *Johnson* v. *People,* 83 Ill. 431.

In *Sutter* v. *People's Gas Light Co.* 284 Ill. 634, the title of the act as passed by the legislature embraced the power of the city of Chicago to sell surplus electricity and also to fix rates and charges for the supply of gas and electricity furnished by any individual or corporation. This court held that this title combined two matters not related; that the power of the city to sell surplus electricity was in no way related to the power to fix rates for the sale of electricity or gas by individuals or corporations. It was there also pointed out that while an amendment or addition to the title which is germane thereto is not improper though unnecessary, the subjects expressed in the title of that act were unrelated; that while they were related to the general subject of the powers of the municipality they were not related to each other in fact or in theory of law, and it was held that the act therefore contravened the provisions of the constitution and was void.

In *Dolese* v. *Pierce,* 124 Ill. 140, this court said: "Literally, 'germane' means 'akin,' 'closely allied.' It is only

328—2

applicable to persons who are united to each other by the common tie of blood or marriage. When applied to inanimate things, it is, of course, used in a metaphorical sense, but still the idea of a common tie is always present. Thus, when properly applied to a legislative provision the common tie is found in the tendency of the provision to promote the object and purpose of the act to which it belongs. Any provision not having this tendency which introduces new subject matter into the act is clearly obnoxious to the constitutional provision in question. It is an error to suppose that two things are in a legal sense germane to each other merely because there is a resemblance between them or because they have some characteristics common to them both. One might with just as much reason contend that two persons are necessarily akin because they are of the same complexion or in other particulars alike."

Section 2 of the act in question as amended specifies the duties of the county clerk in the extension and scaling of taxes. This purpose and these provisions were clearly within the title of the act of 1901 prior to the amendment thereof in 1927, but applying the recognized and established test to determine whether the title embraces two subjects the question arises, Is the matter of limiting the power of certain counties, cities and other municipalities to incur indebtedness in any manner related or germane to or does it tend in any way to promote or carry out the object expressed in the title, to provide for the levy and extension of taxes? It cannot be said that the county clerk, by the provisions of the act in relation to the levy and extension of taxes, is given any duties touching the creation of a debt on behalf of a municipality. The duties there prescribed are ministerial, and are imposed upon the county clerk and others in connection with the levy, extension and scaling of taxes. Section 3, added, has to do with the power of municipalities to incur indebtedness—a matter wholly independent of and having nothing to do with the

levy and extension of taxes. It is a matter affecting the municipality and is one with which the county clerk has no concern. It seems clear that these subjects are not related. Had they been related it would have been unnecessary to amend the title, although an amendment covering a subject matter germane to that already expressed in the title would not have been improper. It was necessary in this case, in order to give an understanding of the purposes of the act as amended, to amend the title to cover the powers of municipalities to incur indebtedness. There was not in the act of 1901 prior to the amendment of 1927, or in its title, the slightest intimation that it had any purpose other than the levy and extension of taxes. It seems beyond the realm of debate that the power of a municipality to incur indebtedness is not within or related to the subject of the duties of the county clerk in the extension or scaling of taxes. While the two subjects are related to the general subject of revenue, they bear no relation to each other. Both the title and the act as passed by the legislature in 1927 contain two unrelated subjects, and therefore clearly violate the provision of the constitution that no act shall embrace more than one subject and that shall be expressed in the title.

It is also contended that section 3 amends various statutes concerning the powers of municipalities with reference to indebtedness without setting out the various statutes amended, and that it therefore contravenes that provision of section 13 of article 4 of the constitution which provides: "No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." The purpose of this provision of the constitution is to avoid confusion arising from patchwork legislation but not to require a practically endless reiteration of amended statutes, and is not to be construed to mean that when a new act is passed all prior acts in any way modified by it shall

be published at length in the amendatory act. (*Bishop* v. *Chicago Railways Co.* 303 Ill. 273; *Hollingsworth* v. *Chicago and Carterville Coal Co.* 243 id. 98; *Timm* v. *Harrison*, 109 id. 593.) The test is, if the act under consideration is a complete law in itself, constituting an entire act of legislation on the subject with which it purports to deal, it will be deemed good and not subject to the constitutional prohibition notwithstanding it may repeal by implication or modify the provisions of prior existing laws, but if, on the other hand, the act is merely an attempt to amend the old law on the subject treated, by intermingling new and different provisions with the old or by adding new provisions so as to create out of the existing laws and the new act, when taken together, an act regulating the subject treated, so that the old act must be read with the new in order to determine its provisions concerning a liability, duty or right or in order to give effect to the new act, then the act is clearly amendatory of the old law, and the requirement of the constitution is that the law so amended be inserted at length in the new act. The character of the act in this respect is determined not alone by the title nor whether the act purports to be an amendment of existing laws, but by an examination and comparison of its provisions with the prior law as last in force. *Bishop* v. *Chicago Railways Co. supra; Board of Education* v. *Haworth*, 274 Ill. 538; *Lyons* v. *Police Pension Board*, 255 id. 139; *Badenoch* v. *City of Chicago*, 222 id. 71; *People* v. *Knopf*, 183 id. 410.

Appellant cites *O'Connell* v. *McClenathan*, 248 Ill. 350, as supporting his contention that section 3 violates the provision of section 13 of article 4 last referred to. It was held in that case that the law there under consideration, which had to do with the garnishment of executors and administrators, while purporting to be an independent act was in fact an amendment and not a complete act; that standing alone it was ineffective and inoperative; that the

provisions could not be made operative without considering them in connection with other provisions of the statute, and the act was therefore void. In *Brooks* v. *Hatch,* 261 Ill. 179, also cited by the appellant, the same conclusion was reached regarding an amendment to the Levee act. The test above referred to was applied in those cases. In the instant case, section 3 is in itself a complete enactment relating to the power of all counties, cities, townships, school districts, or other municipalities coming within the description specified in that section, to incur indebtedness. The fact that it does not treat of the powers of counties, cities, townships or other municipalities not coming within its provisions does not make it an amendatory act. It is new legislation on the subject of municipal indebtedness, dealing with a certain specified class of municipalities. By that section alone is to be determined the limit placed upon municipalities described within it to incur indebtedness. No other law need be read in connection with that section to determine that limitation. The section is not open to the objection that it violates the provision of the constitution last quoted.

It is also contended that the act is invalid because it works an unreasonable discrimination without a reasonable basis for classification, and that it therefore contravenes section 22 of article 4 of the constitution, prohibiting special or local legislation. This position is not tenable. The constitution does not require that every city, hamlet, village or municipality shall have the same organization, officers or powers, and a classification based upon substantial differences in population, and a resulting necessity for different powers, has been recognized as valid. *People* v. *Edmands,* 252 Ill. 108; *Cummings* v. *City of Chicago,* 144 id. 563.

The question then arises whether the invalidity of section 3 renders the entire act void. The rule as to partial invalidity of statutes is, that where a part of a statute is unconstitutional the entire act will not be declared so to be

if the two are distinct and separate so that the latter may stand although the former becomes of no effect. (*Ritchie* v. *People, supra; Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 Ill. 361.) That rule cannot be applied, however, where not only the body of the statute but likewise the title contains two subjects. Where the title to the act and the act itself each indicate and embrace two or more subjects the whole of the act must be treated as void for the manifest reason that it is impossible to choose between the two and to hold one part valid and the other void. The court being powerless to elect between the two subjects so as to preserve one while the other falls, the entire act must fall by reason of being in contravention of the constitutional limitation. Cooley's Const. Lim.— 5th ed.—p. 178; 1 Sutherland on Stat. Const.—2d ed.— sec. 144; *Sutter* v. *People's Gas Light Co. supra; People* v. *Strassheim,* 242 Ill. 359; *Allardt* v. *People,* 197 id. 501; *Ritchie* v. *People, supra; People* v. *Nelson,* 133 Ill. 565; *Johnston* v. *Spicer,* 107 N. Y. 185; *Skinner* v. *Wilhelm,* 63 Mich. 568; *Davis* v. *State,* 7 Md. 151; *Ballentyne* v. *Wickersham,* 75 Ala. 539; *Pennington* v. *Woolfolk,* 79 Ky. 13; *State* v. *Lancaster Co.* 17 Neb. 87; *In re Commissioners of Elizabeth,* 49 N. J. L. 488.

Since the title and the body of the act in this case each express and embrace two subjects, the entire act must be declared void as contravening the prohibition of section 13 of article 4 of the constitution of this State.

The judgment of the circuit court is therefore reversed and the cause remanded, with directions to overrule the demurrer to the petition.

*Reversed and remanded, with directions.*