Frank M. Brownlee for the use of George D. Brownlee, Appellant, v. Joseph A. Boggs for the use of George D. Brownlee and William G. Stevenson, Administrator of the Estate of Robert B. Brownlee, Deceased, as Garnishee, Appellees.

Gen. No. 8,198.

the February term, 1930. Heard in this court at Opinion filed July 7, 1930.

JAMES A. ALLEN and MURPHY & KRITZER, for appellant.

WATSON & DUVALL, for appellees.

MR. JUSTICE JONES delivered the opinion of the court.

Appellee, Joseph A. Boggs, brought a suit in attachment against George D. Brownlee on July 12, 1927. On July 22, 1927, William G. Stevenson, administrator

of the estate of Robert B. Brownlee, deceased, was summoned as garnishee. Judgment was entered against the defendant, George D. Brownlee, September 13, 1927, for $5,407.12. The final report of the administrator of said estate was approved October 26, 1928, and the administrator was directed to make distribution of the assets among the heirs at law of said decedent, among whom was the defendant George D. Brownlee, who was found to be entitled to the sum of $3,622.49. It will be observed that the administrator was summoned as garnishee about three months prior to the entry of the order of distribution.

On the day after the entry of the order of distribution, to wit, October 27, 1928, appellant, Frank M. Brownlee, instituted a suit in attachment against George D. Brownlee, and the administrator was summoned as garnishee. Judgment in this suit was rendered against the defendant on February 11, 1929, for $2,532.60.

The garnishee filed an answer in both suits and set forth that the defendant, George D. Brownlee, is an heir and distributee of said decedent, and by the order of the county court of Mercer county, was entitled to receive the sum of $3,622.49; that the county court had directed the administrator to withhold payment of the distributive share of the defendant, pending determination in the circuit court of the said attachment suit of Joseph A. Boggs. The answer prayed that the garnishee be protected by the order of the circuit court in the matter of the several suits pending against him.

Subsequent to the filing of the answers, the attachment suits were consolidated and submitted upon the records in each case and the facts stated in the answers. The court found that Boggs was entitled to receive the whole of said distributive share and entered a judgment against the garnishee to that effect. This appeal seeks to reverse that judgment.

The question involved is whether or not a creditor of an heir and distributee can proceed by garnishment under the Attachment Act, Cahill's St. ch. 11, ¶ 21, before an order has been entered by the probate court directing a distribution. The contention of appellant is that garnishments under the Attachment Act cannot be sustained against an administrator or an executor unless and until an order of distribution in favor of the heir or distributee has been entered by the probate court. Formerly, a judgment against an administrator or an executor as garnishee could not be obtained, unless service was had upon the garnishee after an order of distribution had been entered. (*O'Connell v. McClenathan,* 248 Ill. 350.) But the amendment of 1915 to section 1 of the Garnishment Act, Cahill's St. ch. 62, ¶ 1, made it lawful to summon administrators and executors as garnishees at any time. It provided, however, that no final judgment shall be rendered against them until after an order of distribution has been made by the county court having jurisdiction of the administration of the deceased person's estate. Boggs' suit was brought under section 21 of the Attachment Act, Cahill's St. ch. 11, ¶ 21, and it is claimed that the amendment to the Garnishment Act cannot be resorted to, for the reason that section 13, article IV, of the Constitution, provides, "No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new Act." And therefore Boggs' suit was prematurely brought.

The former holdings against garnishments of administrators and executors were based on the doctrine that assets in the hands of an administrator, before order of distribution, were *in custodia legis.* (*Millison v. Fisk,* 43 Ill. 112.) It has been a general rule of law, with few exceptions, that the doctrine of *custodia legis,* in the absence of express statutory sanction,

precludes garnishee process against an administrator or an executor prior to the settlement of the estate. (*Wheeler v. Chicago Title & Trust Co.*, 217 Ill. 128; 28 C. J. 77.)

The inhibition against garnishment of administrators in Illinois was never to be found in the statute. It arose from judicial decision based upon the above-mentioned doctrine. Were it not for the application of that doctrine by the courts, there would have been nothing in the way of summoning an administrator as garnishee. The application of the doctrine was found to result in frequent hardships and injustice. It was because of this situation that the amendment of 1915 was enacted. The effect of such amendment was to declare that property in the hands of an administrator before order of distribution should no longer be deemed *in custodia legis.* The enactment was safeguarded by providing that no final judgment should be entered against the administrator until after the order of distribution and it forbade the heir or distributee from assigning or transferring his interest in the assets after garnishment.

The 21st section of the Attachment Act has been held to be *in pari materia* with the Garnishment Act. (*Capes v. Burgess*, 135 Ill. 61.) The provisions for making garnishment effective are found in the Garnishment Act. To hold that the amendment to section 1 of the Garnishment Act is not available to creditors, who institute suits under the Attachment Act, would be to annul the effort of the legislature to destroy the doctrine of *custodia legis,* so far as it had been made to apply to administrators and executors.

Appellee was entitled to the judgment he obtained in the circuit court and therefore that judgment is affirmed.

*Judgment affirmed.*