(No. 19584.—<span style="background:black"> </span>)

THE PEOPLE *ex rel.* George F. Harding, Appellant, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellee.

*Opinion filed February 18, 1931.*

JOHN A. SWANSON, State's Attorney, LOUIS H. GEIMAN, JAMES F. CLANCY, and E. CLARK DAVIS, (ELMER J. SCHNACKENBERG, and HAYDEN N. BELL, of counsel,) for appellant.

BRUNDAGE, LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

This was an action brought by the People, on the relation of the county collector of Cook county, for judgment and order of sale of lands for delinquent general taxes for the year 1927. The appellee objected to certain taxes, among them the taxes for the South Park District, in Chicago. The county court of Cook county sustained the objection and refused judgment for the amount objected to, which was for all taxes for corporate purposes extended by the county clerk on behalf of the South Park District at a rate in excess of .1375. As extended by the county clerk the rate for corporate purposes for the year 1927 aggregated .180654. This last rate was correct if the minimum rate was .20, (instead of .1375,) as set forth in the amendment to what is known as the Juul law, passed in 1928 at the special session of the General Assembly. The levy did not exceed the rate allowed by the statute at the time the levy was made, but the clerk did not scale the 1927 rate until after the passage of the emergency act of February 16, 1928, amending section 2 of the Juul law. (Smith's Stat. 1929, chap. 120, sec. 2, par. 330.)

Various amendments have been made to the Juul law since it was first enacted, on May 9, 1901. The amendments pertinent to this case were passed by the General Assembly in 1927 and 1928. Senate Bill No. 606 in 1927 fixed a minimum rate for the South Park District for corporate purposes at twenty cents on each $100 assessed value. This act was declared invalid by this court in December, 1927, in *Michaels* v. *Hill,* 328 Ill. 11, because both the title and the body of the act embraced unrelated subjects. Three other amendments at the same time fixed the minimum tax rate for the corporate purposes of the park district at .1375, and

this lower rate should be applied to the tax levy for 1927 unless the emergency act of February 16, 1928, is given retrospective effect.

The only question presented by this appeal is whether the emergency act of February 16, 1928, amending section 2 of the Juul law, was retrospective in its operation so as to authorize the county clerk to scale the taxes for the year 1927 in conformity with the twenty-cent rate therein provided, which was also the maximum rate in effect in July, 1927, when the tax levy was made. If this act was not retrospective, then the clerk, whose duties are purely ministerial in character, had no authority to extend the rate in excess of .1375, which remained in effect after our decision in December, 1927, in the case of *Michaels* v. *Hill, supra.* The statute does not operate restrospectively unless the intention of the General Assembly to give it such effect is clearly and unequivocally shown by its provisions. *People* v. *Chicago and Alton Railway Co.* 289 Ill. 282; *People* v. *New York, Chicago and St. Louis Railroad Co.* 316 id. 452.

The emergency clause attached to the act of February 16, 1928, amending section 2 of the Juul law, was as follows: "Whereas, Senate Bill No. 606, passed June 30, 1927, approved and in force July 7, 1927, for the purpose in part of establishing a tax levy minimum rate of twenty cents on each one hundred dollars assessed value for park purposes * * * has been declared void by the Supreme Court of Illinois as contravening the prohibition of section 13 of article 4 of the constitution of this State, and the needs of that park district require the restoration of such increase in minimum tax rate at the earliest possible time; and whereas, also, the passage of several acts amending section 2 of 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as amended, has caused a misunderstanding among the officers charged with the duty of extending the taxes in the various counties as to the rates to be extended thereunder, an emer-

gency exists and this act shall take effect upon its passage." No intention is expressed in the foregoing act to give it retrospective effect. Statements that the park district needs a "restoration of such increase in minimum tax rate at the earliest possible time," and that a misunderstanding exists among the officers who extend the taxes in the various counties, are not expressions such as will give the act a retrospective effect. But even if the legislative intent to give the act a retrospective effect had been clearly indicated it would have been ineffectual to afford relief in this case. A levy of a tax by the South Park District in excess of the rate lawfully available cannot be cured by a curative act, as such an act would violate section 10 of article 9 of the constitution, prohibiting the General Assembly from imposing taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes. (*People* v. *New York, Chicago and St. Louis Railroad Co. supra.*) The legislature by a curative act cannot make a valid proceeding out of one previously declared void. (*People* v. *Hartquist,* 311 Ill. 127.) It cannot cure the want of power to act. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212.) A tax levied which is not authorized by law is illegal and the legislature cannot validate it by a curative act. (*People* v. *Bell,* 309 Ill. 387.) The validity of a tax is to be determined as of the time it is levied. (*People* v. *Scott,* 300 Ill. 290; *People* v. *Illinois Central Railroad Co.* 295 id. 408; *People* v. *Chicago and Alton Railway Co.* 289 id. 282.) Therefore the amendment of February 16, 1928, to the existing Juul law, not being retrospective in its operation, had no application to the levy of 1927 so far as the taxing authorities are concerned, (*People* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* 316 Ill. 410,) and it necessarily follows that the county clerk, a ministerial officer, could not, by delaying the performance of his duties in extending the taxes, apply the provisions of the act of February, 1928, as a substitute for the void portion of the tax levy made in

July, 1927. It is the duty of the county clerk to extend the rate which was in force when the levy was made. *People* v. *Illinois Central Railroad Co.* 295 Ill. 408.

The judgment of the county court of Cook county is correct and is therefore affirmed. *Judgment affirmed.*