(No. 20626.—

THE PEOPLE *ex rel.* Stephen E. Fanz, Appellant, *vs.* WILLIAM H. DOPP, JR., Appellee.

*Opinion filed April 23, 1931.*

RICHARD F. LOCKE, and GALE C. MARQUESS, for appellant.

CLARENCE C. TAYLOR, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the superior court of Cook county denying a writ of *mandamus* to the petitioner, who is appellant here. The petition was filed November 5, 1930, and set forth that petitioner was a resident and tax-payer of school district No. 95, in Cook county; that the school district was organized under and by virtue of the laws of Illinois many years ago and has continued as a body corporate since its organization; that its board of education consisted of a president and six members; that it is now, and has long been, conducting schools and functioning as a school district under the laws of Illinois. The petition alleged that William H. Dopp, Jr., was the duly elected and qualified president of the board of education of district No. 95; that the district was thickly populated, with many families, and that large numbers of children of school age were in attendance at the public schools of the district; that the district lies wholly within a suburban residence area, has no factories or industries within it, and that the source of revenue of the district is wholly from taxes paid upon small homes occupied largely by working people of moderate means; that the district has not in recent years had sufficient revenue to meet the proper and necessary expenses of the rapidly growing schools and that it was heavily indebted in 1927 and prior thereto. The petition further alleged that by reason of the re-assessment of the real property in the district for the year 1928 and the consequent failure of the school district to receive taxes levied and assessed by the board of education for the years 1928 and 1929, the board, in order to maintain the schools of the district and keep them in operation during that period of time, issued to teachers employed by the board in the school district warrants for salaries due and owing to the teachers, known as teachers' warrants, in the approximate amount of $56,000; that the warrants were presented for payment

to the township treasurer wherein the district was located, but were endorsed by the township treasurer "Not paid for want of funds," with the date of presentation noted thereon, as provided by law. The petition also alleged that on September 27, 1930, the district had teachers' warrants outstanding and unpaid in the amount of approximately $56,-000, together with the lawful interest which had accrued thereon; that at a properly convened meeting of the board of education of the district held on September 27, 1930, a resolution was duly and regularly adopted authorizing the issuance of funding bonds of the district in the amount of $60,000 pursuant to the authority vested in the board by section 201 of an act entitled "An act to establish and maintain a system of free schools," adopted June 12, 1909, as amended; that the bonds so authorized were duly prepared and presented to respondent, the president of the board of education, for signature; that he refused to sign the bonds, by reason whereof the school district was unable to pay the indebtedness on the teachers' warrants and was hindered in procuring credit with which to maintain and continue the operation of the schools in the district. The prayer of the petition was that Dopp, as president of the board of education of school district No. 95, be commanded to forthwith execute the bonds as provided in the resolution adopted September 27, 1930. The respondent, who is appellee here, filed a plea setting forth that appellant should not be permitted to have his writ of *mandamus* because the school district was then indebted for an amount in excess of two and one-half per cent of the total assessed valuation of the property in the district, and there was at that time in full force and effect in the State a law or act of the legislature approved February 15, 1928, as amended, which was applicable to and affected this district, and which provided that "no county having a population of less than 500,000 and no city, township, school district or other municipal corporation having a population of less than 300,000, shall

become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding two and one-half (2½) percentum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness." (Smith's Stat. 1929, p. 2285.) Appellant filed a general demurrer to the plea, which was overruled by the court. He elected to stand by his demurrer, the petition for *mandamus* was dismissed, and he perfected an appeal to this court.

Appellant insists that the law of February 15, 1928, is unconstitutional (1) because it classifies school districts by population, only; (2) that any classification of school districts by population, other than for administrative purposes, is void; and (3) that there is no justification for a statute which by classification on a population basis excludes municipalities situated similarly to those included in the act. It is also urged that the statute in question amends other statutes without setting forth the same and is contrary to section 13 of article 4 of the constitution.

That the law of 1928 is not unconstitutional because it classifies school districts by population has been previously decided by this court. (*L'Hote* v. *Village of Milford,* 212 Ill. 418; *Northwestern University* v. *Village of Wilmette,* 230 id. 80; *People* v. *Edmands,* 252 id. 108.) An act of the legislature is presumed to be valid, and only when it clearly conflicts with the constitution will it be declared void. (*Michaels* v. *Hill,* 328 Ill. 11.) In the case last cited one of the counsel who represent appellant in this case made the same contention he makes here with reference to the statute there being considered. In that case appellant contended that section 3 of the act of 1927, (Laws of 1927, p. 727,) which counsel for appellant here admit is practically the same as the language of the act here involved, was unconstitutional. The act considered in the *Michaels case* was held unconstitutional, but it was held so because

the subjects covered by the preceding sections of the act bore no relation whatsoever to the subject matter contained in section 3 of that act and was therefore in violation of section 13 of article 4 of the constitution. All the other contentions made by appellant in the *Michaels case* were denied.

Under the decision in the *Michaels case, supra,* we are of opinion the trial court properly dismissed the petition, and the judgment is affirmed.     *Judgment affirmed.*