(No. 14381.—Judgment affirmed.)

JAMES F. BISHOP, Admr. Appellant, *vs.* THE CHICAGO RAILWAYS COMPANY, Appellee. ·

*Opinion filed April 19, 1922—Rehearing denied June 9, 1922.*

1. CONSTITUTIONAL LAW—*meaning of constitutional provision requiring embodiment of entire act or section in an amendatory statute.* The constitutional provision prohibiting the amending of an act by reference to its title, only, and requiring the amended sections or acts to be inserted at length in the amendatory act, does not mean that all prior acts in any way modified shall be published at length, nor does it apply to amendments which constitute merely an addition of a section to the act, where the original act does not have to be read with the new in order to give effect to the latter.

2. SAME—*section 2 of act of 1873 amending Limitations act is not invalid.* Section 2 of the act of 1873 amending the Limitations act and constituting paragraph 25 thereof does not amend the language of any section of the Limitations act and is not in violation of section 13 of article 4 of the constitution, forbidding the amendment of an act by reference to its title, only.

3. INJURIES—*limitation of suit under Injuries act is condition of the liability and is not a statute of limitations.* The limitation of one year in which to bring suit for wrongful death under the Injuries act is not a statute of limitations but is a condition of the liability itself, and there is no right to sue unless the plaintiff brings himself within the conditions of the act.

303—18

4. SAME—*action for wrongful death is not an action for personal injuries.* The right of personal representatives to sue for wrongful death under the Injuries act is not a right of action for personal injuries within the meaning of the Limitations act.

5. LIMITATIONS—*effect of section 2 of act of 1873 amending the Limitations act.* Section 2 of the act of 1873 amending the Limitations act, and constituting paragraph 25 of said act, fixes an additional period of limitation arising under certain conditions therein set out, and applies only when such conditions are met.

6. SAME—*section 2 of act of 1873 amending the Limitations act does not apply to actions for wrongful death.* Section 2 of the act of 1873 amending the Limitations act and allowing the commencement of a new action within one year after a judgment is reversed or given against a plaintiff applies only to the actions specified in the Limitations act and does not apply to an action for wrongful death under the Injuries act.

THOMPSON, J., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. JACOB H. HOPKINS, Judge, presiding.

JAMES C. MCSHANE, for appellant.

CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, and JOHN E. KEHOE, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant, as administrator, brought suit against appellee to recover for the death of William E. Ford, who was killed November 12, 1913. The action in this case was brought July 23, 1920, under the provisions of section 2 of the act of 1873, entitled "An act to amend an act in regard to limitations." (Hurd's Stat. 1921, p. 2014.) Appellant had in December, 1913, begun an action against appellee for the death of Ford, and in his declaration made averments showing that the deceased and the appellee were working under and subject to the provisions of the Workmen's Compensation act, making no allegation, however, that they had elected to operate under the act. In March, 1915, an amendment to this declaration was filed, setting

out the election of appellee not to be bound by the Compensation act. Appellee pleaded the Statute of Limitations, which plea was demurred to and the demurrer sustained. A trial was had and a verdict returned and judgment entered thereon. Upon review in this court the judgment of the Appellate Court reversing the judgment of the superior court was affirmed. (*Bishop* v. *Chicago Railways Co.* 290 Ill. 194.) The judgment of this court was entered on October 17, 1919, and within a year thereafter,—that is, on July 23, 1920,—the declaration was filed in this case.

Section 2 of the act amending the Limitations act provides as follows: "In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be non-suited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff * * * may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

One of the first questions raised is as to the constitutionality of section 2 of the Limitations act, (paragraph 25,) it being contended by appellee that said section contravenes section 13 of article 4 of the constitution, in that it amends certain sections of the Limitations act and other acts without the amended sections or acts being inserted at length in the amendatory act. The test as laid down in the cases is, that where the old act must be read with the new in order to determine its provision concerning a liability, a duty or a right, or in order to give any effect whatever to the new act, then such new act comes within the terms of the constitutional provision. (*Board of Education* v. *Haworth,* 274 Ill. 538; *Lyons* v. *Police Pension Board,* 255 id. 139; *Badenoch* v. *City of Chicago,* 222 id. 71.) This provision

is not construed to mean that when a new act is passed all prior acts in any way modified by it shall be published at length in the amendatory act. (*Hollingsworth* v. *Chicago and Carterville Coal Co.* 243 Ill. 98; *Timm* v. *Harrison,* 109 id. 593; *People* v. *Wright,* 70 id. 388.) The purpose of this provision of the constitution is to avoid confusion arising from patchwork legislation, but it was not the purpose to require a practically endless reiteration of amended statutes. Section 2 of the amendatory act of 1873 does not amend the language of any section of the Limitations act so that such sections read in any manner different. No period of limitation is changed by section 2 so far as the limitation appears in the Limitations act. It fixes an additional period of limitation arising under certain conditions therein set out, and applies only when such conditions are met. An act which adds another remedy to that already provided for is not an act amending any one section of the previous act. It must be held, therefore, to be an amendment of the entire act by adding sections thereto, so that what is included within the terms of the original act is included within the terms of the amendatory act. (*Gage* v. *City of Chicago,* 203 Ill. 26; *Morrison* v. *People,* 196 id. 454.) Whether or not an act amends another section or act is not to be determined, alone, by its title, but by the effect which it has upon existing laws. (*Lyons* v. *Police Pension Board, supra; People* v. *Crossley,* 261 Ill. 78.) It cannot, therefore, be said that the act contravenes the section of the constitution referred to, and it is therefore not unconstitutional.

Appellee contends, also, that section 2 of the amendatory act (called in the briefs section 25 of the Limitations act,) is not applicable to actions arising under sections 1 and 2 of the Injuries act, to which class the action in this case belongs. This question is not free from difficulty. No right existed at common law to recover for the wrongful death of a person. The Injuries act passed by the legisla-

ture of this State in 1853 created such a cause of action for the first time in this State. This statute provides the parties in whose name the suit shall be brought and what shall be done with the proceeds of a judgment recovered thereunder. It fixes the time in which such action shall be brought. Originally the act provided that suit should be brought within two years after the death of the deceased. By amendment in 1903 this was reduced to one year. The limitation of the right to sue, fixing the exercise of such right within a year, is not a statute of limitations but is a condition of the liability itself. Where action is brought under the Injuries act in death cases the plaintiff must bring himself within the conditions of the act. (*Hartray* v. *Chicago Railways Co.* 290 Ill. 85; *Carlin* v. *Peerless Gas Light Co.* 283 id. 142.) It is seen, therefore, that the statute which creates the right,—that is, the Injuries act,—places a limitation, not on defenses to the right of action but upon the right of action itself. The Statute of Limitations may be styled a defense statute; the Injuries act is purely and simply a liability statute. The provision of the Injuries act requiring that suit be brought within a year after the death not being a limitation statute, section 2 of the 1873 amendment to the Limitations act cannot be said to be applicable to cases arising under the Injuries act unless the right of action in such cases can be seen to be included within the classes of cases embraced by the Limitations act.

The act of 1873 referred to is, as designated in its title, "An act to amend an act in regard to limitations." Section 2 of the act expresses in plain language the intention of the legislature that its provisions shall apply to "the actions specified in any of the sections of said act,"—the Limitations act. Sections 12, 13, 14 and 15 of the act relate to personal actions. Section 12 is to be read as a part of sections 13, 14 and 15. (*Handtoffski* v. *Chicago Traction Co.* 274 Ill. 282.) Section 13 refers to actions for slander and libel. Section 14 provides, in part, that "actions

for damages for an injury to the person * * * shall be commenced within two years next after the cause of action accrued." Section 15 provides that "actions * * * to recover damages for an injury done to property, real or personal, * * * and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Appellant contends that actions under the Injuries act in death cases are actions to recover damages for injuries to the person, or if not, they are actions to recover damages for injuries to property. It is argued that since it has been held that an action under the Injuries act in death cases survives against the representatives of the tort feasor, within the meaning of the act relating to the survival of causes of action, it must be held to be an action for injury to the person within the meaning of the Limitations act, and counsel cite *Devine* v. *Healey,* 241 Ill. 34. In that case the question was whether or not an action might be brought by the administrator of a deceased person against the executor of one who was alleged to have caused the death but who since had died. It was there held that if the injured person dies from some other cause than the injury received his cause of action against the tort feasor survives to his personal representative, but if he dies from the injury itself the only action that can be maintained is the action for the benefit of the widow and next of kin given under the Injuries act of 1853. It was there also held that under the Administration act, relating to the survival of actions, an administrator of a person whose death was caused by the wrongful act of another may maintain an action against the tort feasor's executor under section 2 of the Injuries act. It will be seen that this decision cannot be taken as authority for the contention that a death case is an injury to the person within the meaning of the Limitations act. *Crane* v. *Chicago and Western Indiana Railroad Co.* 233 Ill. 259, and *Mooney* v. *City of Chicago,* 239 id. 414, do not decide the point in

issue here.   The right to recover for personal injuries existed at common law and was a right existing in the person injured to recover for those elements of damage generally recognized in personal injury cases, and if the plaintiff die from some other cause than the injury his right of action survives to his personal representatives, as other causes of action which were in him during his lifetime might survive. If, however, he die from the injury itself the action in him does not survive but abates, and a new and different right of action is substituted, based not upon a common law right but upon a statute known as the Injuries act.   This gives the right to his personal representatives to recover the pecuniary injury to the widow and next of kin occasioned by his death.   Such an action is not an action for personal injuries. *Prouty* v. *City of Chicago,* 250 Ill. 222; *Wilcox* v. *International Harvester Co.* 278 id. 465; *Pease* v. *Rockford City Traction Co.* 279 id. 513.

Appellant contends that if actions under the Injuries act cannot be considered actions to recover damages for injuries to the person they must be considered actions to recover damages for injury done to property, real or personal, within the meaning of the Limitations act, and the argument is that the term "injury done to property" includes actions to recover for injury done to property rights.   The question that arises ahead of that contention, however, is whether, if it were to be held that the right of action under the Injuries act is for injury done to property, such right of action comes within the purview of section 2 (paragraph 25) of the Limitations act.   Whether or not the legislature intended to cover death cases as injuries to property must be determined from the language of section 2 and the other provisions of the Limitations act.   Section 15 of the act, which fixes the limitations as to injuries to property, real or personal, limits the right to bring the action to a period of five years.   The Injuries act limits liability to a period of one year.   The "actions specified" in the Limi-

tations act are those named in that act. The term "specified" indicates a particular and not a general class of cases. To say that a death case comes within the purview of section 15 of the Limitations act as an injury to property is to extend the period of liability provided in the Injuries act from one year to five, for if the right of action under the Injuries act is for injury to property, as that language is used in the Limitations act, the period of limitation fixed by section 15 of the latter act must apply to death cases if paragraph 25 is to be held to apply. This proposition need be but stated to make it clear that the legislature could not have had in mind an extension of the period of liability in a death case by extension of the period of limitation relating to actions for injury to property as provided in the Limitations act. To hold otherwise would be to say that the legislature intended by the Limitations act as amended, to extend, not a period of limitation specified in the Limitations act but one of liability provided for by an entirely separate act. To so hold would be to do violence to the rules for the construction of statutes.

But it is argued that the language, "if the time limited for bringing such action shall have expired during the pendency of such suit," means, in this case, the time limited by the Injuries act. We are unable to agree with this contention. The section plainly indicates that it is dealing with actions specified in the Limitations act. There is nothing in the amendatory act nor in its title to indicate that it is to amend or to be engrafted upon the Injuries act. "The time limited for bringing such action" must, therefore, refer to the limitation provided in the Limitations act. We are of opinion, therefore, that it cannot be said that the legislature intended, in extending the Limitations act, that the period of liability in death cases should also be extended.

The superior court did not err in sustaining the demurrer to appellant's declaration, and the judgment is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE THOMPSON, dissenting:

The language used in paragraph 25 of the Limitations act is vague and uncertain and strictly construed does not express the intent of the legislature, if I read the act correctly. Manifestly, the legislature intended by this act to relieve the diligent but mistaken claimant from the consequences of a technical mistake, thereby affording him an opportunity to have his claim determined on its merits. Such an act should be construed favorably to the claimant and none of its words should be given a technical meaning that would destroy the purpose of the act. I can not conceive of the legislature intending to provide a new trial for such actions as slander, libel, false imprisonment and malicious prosecution, where the injury lies in the imagination more frequently than not, and to deny a new trial, where the same condition of the record exists, in death cases, where the injury is always real. If the act in question means anything it was intended to apply to just such cases as the one before us. To give it any other construction is to attribute to the legislature an absurd and unreasonable intent. To construe the act to include actions under the Injuries act would strain the language considerably, but it would not be the first time language of a statute, or even the constitution, has been strained to give effect to remedial legislation. The questions in this case are far from being free from difficulty, but it seems to me the conclusion reached by the court does not conform to the intention which must have been in the minds of the legislature when this law was enacted. The statute is remedial in character and ought to be liberally construed in order to carry out the purpose of the act: that every claimant shall in the interest of justice and fair play have his cause determined on its merits.