(No. 4903— 

JOHN ROBERTS, a minor, by MARGARET ROBERTS, his Mother and next friend, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1961.*

FRED LAMBRUSCHI, Attorney for Claimant.

GRENVILLE BEARDSLEY, Attorney General; LESTER SLOTT AND HAROLD A. COWEN, Assistant Attorneys General, for Respondent.

WHAM, J.

The complaint in this case was filed by John Roberts, A Minor, by Mary Roberts his mother and next friend, to recover damages by reason of personal injuries sustained by said minor when the automobile in which he was riding as a guest passenger was struck by a motor vehicle operated by an employee of the State of Illinois.

Respondent filed a motion to dismiss the complaint on the ground that no notice was served upon the Attorney General and the Clerk of the Court of Claims within six months from the date of the alleged injury, as required by Chap. 37, Sec. 439, Subsec. 22-1, 1959 Ill. Rev. Stats.

Although this Court in the case of *Jacob G. Gossar* vs. *State of Illinois*, No. 4828, passed upon a similar motion, wherein claimant was an adult, we have not had

occasion to pass on a case, such as this, wherein claimant is a minor.

This statute is, for all practical purposes, identical with the notice statute applying to municipalities set forth in Chap. 24, Sec. 1-11, Ill. Rev. Stats., which has been construed in several cases involving minor plaintiffs.

In the case of *Doerr* vs. *City of Freeport,* 239 Ill. App. 560, the Court held that a minor 12 years of age was not within the purview of the statute, and stated at pages 563-565 as follows:

"This statute was construed in *Langguth* vs. *Village of Glencoe,* 253 Ill. 505, and it was there held that the filing of this notice was an essential element of the plaintiff's cause of action, which must be averred and proved before a recovery could be had, but in the case of *McDonald* vs. *City of Spring Valley,* 285 Ill. 52, in holding that this statute did not apply to an infant seven years of age, the court said:

'At common law an infant within seven years of age could not be convicted on a criminal charge, as he was conclusively presumed not to be capable of committing a crime, and between the ages of seven and fourteen he was still presumed to be incapable, but between those ages this presumption might be overcome by proof. These rules of law are based upon the well-known fact of the incapacity of children of tender years, and they are not held to the same accountability as are adults. The recognition, by the law, of the status of infants, and of their exemption up to a certain age from liability under the law, is so well known that it must be presumed that the legislature, in enacting such a statute as the one under consideration, did not intend by the general language used to include within its provisions a class of persons, which the law has universally recognized to be utterly devoid of responsibility. * * * The act is meant to apply only to those who are mentally and physically capable of comprehending and complying with its terms . . . . . . It cannot be controverted that a minor is incapable of appointing an agent, or an attorney, and it cannot be successfully contended that the statute can be complied with by the filing of the required notice by the father, mother or some friend of the child as next friend. While the parent of a minor is its natural guardian, he cannot be said to be the agent or attorney for the child. A child with a meritorious cause of action, but incapable of initiating any proceeding for its enforcement, will not be left to the whim or mercy of some self-constituted next friend to enforce its rights.'

"The declaration in the instant case was filed on January 11, 1923, and it fully described plaintiff's injuries, and alleged that he was a minor, twelve years of age. Under the reasoning of the McDonald case, supra, we are of the opinion that appellee was relieved from alleging in his declaration or

proving upon the trial a compliance with the statutory provisions with reference to notice."

This reasoning is sound, and should also apply to the statute involved herein.

Moreover, in construing the legislative intent in the enactment of this statute, we have read it in conjunction with Par. 439.22 of Chap. 37, 1959 Ill. Rev. Stats., which in part is as follows:

"Except as provided in sub-section F of Section 8 of this Act every claim, other than a claim arising out of a contract or a claim arising under sub-section C of Section 8 of this Act, cognizable by the Court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within 2 years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues 2 years from the time the disability ceases."

It appears to us that, inasmuch as the Legislature exempted infants from the two year limitation requirement governing the filing of complaints until they had reached their majority, surely the Legislature intended to exempt infants from the requirement of giving a six months notice of an action's accrual. A construction to the contrary would lead to the anomalous result of saving to the infant only the right to file, after two years, a complaint based on a cause of action already barred by non-action of the infant, who had no legal capacity to act or refrain from acting in connection with his claim for damages.

We do not believe the Legislature intended such a result, and, we, therefore, hold that the notice statute involved herein does not apply to a minor.

The motion of respondent is, therefore, denied.