(No. 4828-)

JACOB G. GOSSAR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1961, Judge Wham dissenting.*
*Petition of claimant for rehearing denied January 9, 1962.*

PYLE AND McCALLISTER, and RICE, CHEATHAM AND VANSTONE, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General, for Respondent.

TOLSON, C. J.

Claimant, Jacob G. Gossar, sustained injuries in a wreck of a motorcycle, which he was riding on September 11, 1957. A complaint was filed in June, 1958 on his behalf in this Court seeking recovery for these injuries from respondent, State of Illinois.

On the 3rd day of March, 1959, respondent, State of Illinois, through its Attorney General, filed a motion to dismiss the complaint on the grounds that claimant had not filed a notice of his claim with the Attorney General, as set out in Section 22-1 of the Court of Claims Act.

Sections 22-1 and 22-2 were enacted by House Bill No. 552 of the 70th General Assembly of the State of Illinois. It was passed by the General Assembly on June 28, 1957, and approved by the Governor of Illinois on July 10, 1957.

Subsequently, claimant filed with this Court objections to the motion to dismiss and amended objections to the motion to dismiss raising several questions as to the motion, but primarily challenging the constitutionality of said House Bill No. 552 for the reason that it violates Section 13 of Article IV of the Illinois Constitution of 1870.

The pleadings in this case have presented the following issues:

1. Is House Bill No. 552 of the 70th General Assembly an amendatory act?

2. If House Bill No. 552 is an amendatory act, does it comply with Section 13 of Article IV of the Illinois Constitution of 1870, which provides, "No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act"?

3. Is House Bill No. 552 of the 70th General Assembly an act complete within itself?

4. If House Bill No. 552 is a complete act within itself, does it comply with Section 13 of Article IV of the Illinois Constitution of 1870, which provides, "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title"?

### The Statutes and Article IV, Section 13 of the Constitution, involved in this case, are hereinafter set forth:

"Section 22 of the Court of Claims Act provides:

"Except as provided in subsection F of Section 8 of this Act, every claim, other than a claim arising out of a contract or a claim arising under subsection C of Section 8 of this Act, cognizable by the Court *and not otherwise sooner barred by law* shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within 2 years after it first accrues, saving to infants, idiots, lunatics. insane persons and persons under disability at the time the claim accrues 2 years from the time the disability ceases.

"Every claim cognizable by the Court, arising out of a contract and not otherwise sooner barred by law, shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within 5 years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues 5 years from the time the disability ceases. Every claim cognizable by the Court arising under subsection C of Section 8 of this Act shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within 2 years after the person asserting such claim is discharged from prison, or is granted a pardon by the Governor, whichever occurs later."

"House Bill No. 552:

"An Act to add Sections 22-1 and 22-2 to an Act to create the Court of Claims, to prescribe its powers and duties, and to repeal an Act herein named, filed July 17, 1945, as amended.

"Be it enacted by the People of the State of Illinois, represented in the General Assembly;

"Section 1. Sections 22-1 and 22-2 are added to an Act to create the Court of Claims, to prescribe its powers and duties, and to repeal an Act herein named, filed July 17, 1945, as amended, to read as follows:

"22-1. Within six months from the date that such injury was received or such a cause of action accrued, any person who is about to commence any action in the Court of Claims against the State of Illinois for damages on account of any injury to his person shall file in the office of the Attorney General and also in the office of the Clerk of the Court of Claims, either by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any.

186

"22-2. If the notice provided for by Section 22-1 is not filed as provided in that Section, any such action commenced against the State of Illinois shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims for such personal injury.

2. This amendatory Act shall apply only to causes of action accruing after the effective date of this amendatory act.

Passed in General Assembly June 28, 1957.

Approved July 10, 1957."

The Illinois Constitution of 1870, Article IV, Section 13, provides as follows:

"Every bill shall be read at large on three different days, in each house; and the bill and all amendments thereto shall be printed before the vote is taken on its final passage; and every bill, having passed both houses, shall be signed by the speakers thereof. No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed; and no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act. And no act of the General Assembly shall take effect until the first day of July next after its passage, unless, in case of emergency, (which emergency shall be expressed in the preamble or body of the act), the General Assembly shall, by a vote of two-thirds of all members elected to each house, otherwise direct."

It is apparent from the reading of House Bill No. 552 that, if it is to be considered as an amendment to Section 22 of the Court of Claims Act, it would violate Section 13 of Article IV of the Illinois Constitution of 1870, as it was not inserted at length in the new act. *Giebelhausen* vs. *Daley*, 407 Ill. 25.

While respondent does not concede this point, it is apparent from its brief that it takes the position that House Bill No. 552 is an act complete within itself, and that it does not violate Section 13 of Article IV of the Constitution with reference to the requirement "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title."

That Section 22 of the Court of Claims Act is anything other than a limitation statute cannot be argued. It

provides a time limit for the filing of a claim, and thereafter provides for additional time for persons under disability.

Section 22-1 of the Court of Claims Act presents an entirely different subject matter, i.e., the requirement of *notice* of injury to the person within six months as a condition precedent to the right to file a complaint. This is a new requirement involving *notice,* and in no way is related to the *time when* a complaint must be filed.

The fact that the Legislature made no provision in House Bill No. 552 for persons under disability is evidence that it was enacting a new and different statute without any reference or consideration to the limitation statute (Section 22).

Sections 22-1 and 22-2 of House Bill No. 552 set forth with particularity the necessity of notice, where to file it, when to file it, what it should contain, and the effect of failure to file a notice. This Bill is clearly an amendment to the Court of Claims Act, which is complete in itself, and requires no reference to any other section of the Court of Claims Act.

Claimant and respondent have submitted excellent briefs, and, from the many cases submitted and reviewed, one case, *People* vs. *City of Peoria,* 374 Ill. 313, sets forth with clarity the rule of law to determine whether an amendment to an act of the Legislature violates the Constitution.

The court in its opinion laid down the following test:

"Whether the amendatory act amends prior acts is to be determined not alone by the title, or whether the act purports to be an amendment of existing laws, but by its effect upon prior laws and an examination and comparison of its provisions with the prior law left in force. *People* vs. *Knopf,* 183 Ill. 410, 56 N.E. 155; *Badenoch* vs. *City of Chicago,* 222 Ill. 71, 78, N.E. 31; *Michaels* vs. *Hill,* 328 Ill. 11, 159 N.E. 278. This same principle is applicable whether the amendatory act purports to be an independent act or to be an act to amend another act by the adding of

a new section, *Lyons* vs. *Police Pension Board*, 255 Ill. 139, 99 N.E. 337. If the amendatory act is complete in itself, constituting an entire act of legislation on the subject with which it purports to deal, it is to be deemed good and is not subject to the constitutional provision notwithstanding it may repeal by implication or modify the provisions of the prior law. If the amendatory act merely amends the old law by intermingling new and different provisions or by adding new provisions so as to create out of the old act and the new, when taken together, a complete act, and leaves it in such condition that the old act must be read with the new to determine its provisions and meaning, then the act is amendatory of the old law, and the constitutional provision requires that the law so amended be inserted at length in the new act. *Bishop* vs. *Chicago Railways Co.*, 303 Ill. 273, 135 N.E. 439; *Board of Education* vs. *Haworth*, 274 Ill. 538, 113 N.E. 939."

In applying the rule to the present case several distinctions are quite apparent. Section 22 is purely a *limitation statute*. Sections 22-1 and 22-2 relate solely to *notice* as a condition precedent to the right to maintain a suit.

It is not necessary to examine and compare Sections 22-1 and 22-2 with Section 22 to give meaning to them as amendatory acts. If there was no Section 22 in the Court of Claims Act, with reference to limitations, Sections 22-1 and 22-2, standing alone, would require a claimant in a personal injury case to give notice, as therein stated, as a condition precedent to the right to maintain a suit.

This Court, therefore, concludes that Sections 22-1 and 22-2 of the Court of Claims Act are amendatory acts, complete in themselves, and not subject to the constitutional objection urged by claimant.

House Bill No. 552 was signed by the Governor on July 10, 1957, and became effective on that date. *People* vs. *Kramer*, 328 Ill. 512. The accident complained of occurred on September 11, 1957, and it is admitted that no notice was served as required by law. Claimant filed its complaint on June 20, 1958, and thereafter respondent filed its motion to strike for failure to give the notice as required by statute.

The Court, therefore, finds that the motion by respondent to strike the complaint should be allowed.

## DISSENTING OPINION

WHAM, J.

I do not agree with the result of the majority, and, therefore, respectfully dissent.

In my judgment, House Bill No. 552 is an amendatory act, and does not comply with Section 13 of Article IV of the Illinois Constitution of 1870.

From a reading of the House Bill and the Court of Claims law, it is apparent that it is intended to amend Section 22 of the Court of Claims law, and the above Constitutional provision, therefore, requires that said section be inserted at length in the new act, which was not done.

Section 22 is more than a Statute of Limitations. It is jurisdictional in scope, and provides, as a condition precedent to the bringing of an action, that a complaint must be filed within a certain length of time in order to prevent the barring of the claim. We have interpreted this section as being a jurisdictional provision and a condition of liability. *Brown* vs. *State of Illinois*, 17 C.C.R. 79; *Rexdall* vs. *State of Illinois*, 19 C.C.R. 171. In fact, we have applied this section even in the absence of respondent raising it. *Atkinson* vs. *State of Illinois*, 21 C.C.R. 429.

Prior to the enactment of House Bill No. 552, it was the only section of the Court of Claims law setting forth a condition precedent of a jurisdictional nature for the institution of an action in the Court of Claims. House Bill No. 552 imposed an additional condition precedent to the bringing of an action in certain cases.

In order to determine what conditions must be complied with in order to prevent an automatic barring of a

claim, a party must refer to both Section 22 and House Bill No. 552. Therefore, this Bill is not complete in itself, and does not constitute an entire act of legislation on the subject with which it purports to deal, namely, the law prescribing the conditions precedent, which must be complied with in order to prevent the automatic barring of a claim.

*People* vs. *City of Peoria,* 374 Ill. 313, cited in the majority opinion, referred to *Nelson* vs. *Hoffman,* 314 Ill. 616, which involved a similar question to that presented in the instant case. In the Nelson case, the act under consideration purported to amend the Mortgage Act by adding a section. The prior law provided that a chattel mortgage acknowledged and recorded in accordance with the provisions of the Act would, if bona fide, become good and valid against everyone from the time of filing for record. The amendatory section provided that such mortgage was good and valid from the time of filing for record against everyone, subject, however, that it was not good against the creditors of the mortgagor unless filed for record within ten days after its execution. The court declared the section added to be amendatory to the previous law and unconstitutional. The court stated at pages 618-619:

"This amendatory act is exactly the kind of legislation against which Section 13 of Article IV of the Constitution is aimed. It amends Section 4 by reference, only. The subject with which both sections deal is the filing for record of chattel mortgages. No one can tell what is required in that regard except by reading together the two sections, whose intermingled provisions declare the law. The whole subject was covered by Section 4, and the only purpose of Section 4a was to add to Section 4 the requirement that such mortgage should not be valid as against creditors of the mortgagor unless filed for record within ten days of its execution. The constitutional provision in question provides that such amendment shall not be made by reference to the title, only, but the section amended shall be inserted at length in the new act."

I believe that the scope of the word *"subject"*, referred to in *Nelson* vs. *Hoffman* and in *People* vs. *City of*

*Peoria,* must be given a broader meaning than applied in the majority opinion. To me, the requirement that a notice of intention to file a claim must be filed within six months after an injury in order to prevent a barring of the claim pertains to the same subject of the prior provision, namely, Section 22, requiring the filing of the claim within a certain length of time after its accrual in order to prevent a barring of the claim. True, one provision provides for filing a notice and the other for filing a complaint. They both, however, are jurisdictional requirements dealing with the subject matter of instituting actions in the Court of Claims in such a manner as to prevent those actions from being automatically barred.

It is also significant to note that, when House Bill No. 552 was enacted, the Court of Claims Law consisted of sections numbered 1 to 24, inclusive. Rather than designating the new matter set forth in House Bill No. 552 as Section 25 of the Court of Claims Law, it was designated in said Bill as Sections 22-1 and 22-2. This would seem to indicate that the bill was intended as an amendment to Section 22 rather than as a separate independent provision of the law.

Then, too, the wording of the Bill itself also indicates that it is an amendatory act. Section 2 of the act reads as follows:

"The amendatory act shall apply only to causes of action accruing after the effective date of this amendatory act."

Taking all of the above matters together, I believe that House Bill No. 552 does not comply with the constitutional provisions above quoted, and that respondent's motion to strike the complaint for failure to give the notice, as required by the statute, should be overruled.

### Opinion on Rehearing

On May 31, 1961, claimant filed his petition for rehearing and reversal of an opinion handed down by this Court on March 24, 1961.

The petition alleges that on March 3, 1959 respondent filed a motion to dismiss the complaint on the grounds that claimant had not filed a notice of his claim as required by Section 22-1 of the Court of Claims Law, which Section was enacted by House Bill No. 552 of the 70th General Assembly of the State of Illinois. Claimant thereafter filed objections to the motion, and alleged that House Bill No. 522 violates Section 13 of Article IV of the Illinois Constitution of 1870.

The opinion of March 24, 1961 sustained the motion of respondent to strike the complaint, and found that House Bill No. 522 did not violate Section 13 of Article IV of the Constitution. However, a minority opinion, filed in this case, found that the objections to the motion were well taken, and that House Bill No. 522 was unconstitutional.

It is apparent that this Court, consisting of three members, was gravely concerned by the issues raised by the pleadings, in that House Bill No. 522 was sustained by a bare majority.

What is not apparent by the reading of either the majority or the minority opinion is a fundamental question, which may be stated as follows:

"Does the Court of Claims, under our Constitution, have the jurisdiction, power or authority to inquire into the constitutionality of any of the provisions of the Court of Claims Law as enacted by the Legislature?"

The members of the Court were in disagreement as to the answer to this question. However, the Court saw fit to take jurisdiction, and thereafter filed a majority and a minority opinion in this case.

The petition for rehearing has reopened this case for the consideration by the Court, and, although the petition limits the inquiry to the matters therein contained, the Court, on its own motion and before turning to the petition, believes that it must resolve the question of its jurisdiction to approve or strike down an act of the Legislature.

At the outset, three sections of the Constitution of 1870 should be considered:

### Article IV, Section 26

"The State of Illinois shall never be made defendant in any court of law or equity."

### JUDICIAL DEPARTMENT

### Article VI, Section 1

"Judicial Power, where vested.

"The judicial powers, except as in this article is otherwise provided, shall be vested in one Supreme Court, Circuit Courts, County Courts, Justices of the Peace, Police Magistrates and such courts as may be created by law in and for cities and incorporated towns."

### Article III—Distribution of Powers.

"The powers of the government of this State are divided into three distinct departments — the legislative, executive and judicial; and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

At the beginning of its statehood, Illinois took a surprisingly liberal and progressive attitude regarding claims against the sovereign. Its Constitution of 1818 made no provision for the adjustment of claims against the State, but the following year the General Assembly passed an act, which provided that the Auditor of Public Accounts might sue and be sued on behalf of the State. When a judgment of a court of general jurisdiction was rendered against the Auditor, he was authorized to draw

a warrant on the State Treasurer for the amount of the judgment, and the warrant was payable out of moneys not otherwise appropriated.

This act was repealed in 1829 by an act, which provided that the Auditor might be sued, but that the judgment would not be conclusive upon the State until examined by the General Assembly, and an appropriation made to satisfy the judgment, or so much of it as the General Assembly might deem just. The suit could be brought only in the county where the Capital was located; express provision was made for appeal to the Supreme Court. The act was replaced in 1845 by another act, which was, however, substantially the same.

The Constitution adopted in 1848 provided that the General Assembly should direct by law the manner in which suits might be brought against the State. Apparently, the General Assembly failed to act, and between 1848 and 1870 the only applicable law was a special act covering unliquidated claims arising from canal construction.

A proposed Constitution in 1862 provided that suits against the State might be brought in the Circuit Court of the county where the seat of government was situated, but permitted a change of venue in proper cases.

The Constitution adopted in 1870, however, and still in force in Illinois, reverted to the earlier and narrower conception of sovereign immunity from suit. Only in the Legislature itself could any relief be had for claims against the State until 1877 when an act was passed creating a Commission of Claims.

From 1877 to the present time legislative changes were enacted altering the form for the presentment of claims, but, in general, the concept of a commission to hear and pass upon claims has been maintained.

The present Court of Claims Law is set forth in Chap. 37, Section 439 of the Illinois Revised Statutes. A few of the pertinent sections are noted in brief.

Section 439.1. The Court of Claims, hereinafter called the Court, is created.

Section 439.8. The Court shall have jurisdiction to hear and determine the following matters:

(a) All claims against the State founded upon any law . . .

(b) All claims against the State founded upon any contract . . .

(c) All claims against the State for time unjustly served in prison . . .

(d) All claims against the State for damages sounding in tort . . .

(e) All claims for recoupment made by the State . . .

(f) All claims for recovery of overpayment of premium taxes by insurance companies . . .

Section 439.20. At every regular session of the General Assembly, the Clerk of the Court shall transmit to the General Assembly a complete statement of all decisions in favor of claimants rendered by the Court during the preceding two years, stating the amounts thereof, the person in whose favor they were rendered, and a synopsis of the nature of the claims upon which they were based . . .

In addition to the provisions of the Constitution and the Court of Claims Law, it may be well at this time to define the word jurisdiction. Jurisdiction includes not only the power to hear and determine the cause, but to enter and enforce a judgment. (*Williams* vs. *Hawkins*, 75 Colo. 136. Words and Phrases, Vol. 23, P. 366.)

Turning now to the basic question of jurisdiction, we note that, in the absence of the Court of Claims Law, it would be impossible to recover any claim against the State due to the prohibition of Section 26 of Article IV of the Constitution. Section 1 of Article VI enumerates the courts created by the Constitution, and it is readily apparent that, although the Legislature describes the Court of Claims as a Court, it is not a constitutional court.

The text "Preparing and Trying Cases in the Court of Claims" (Nebel and Eckert) defines the Court of Claims as follows:

"The Illinois Court of Claims is a statutory body as distinguished from a constitutional body, and, as such, in reality, is not a court but is a legislative commission. The power to pay claims against the State is in the Legislature, and the Court of Claims can neither extend nor limit this power. (*Fergus* vs. *Brady*, 270 Ill. 201.)

If then it be admitted that the Court of Claims is in fact a commission or fact finding body for the convenience of the Legislature in sifting out and reporting back to the Legislature meritorious claims, so that, in turn, the Legislature may make the necessary appropriations, then it is crystal clear that any opinion of this Court purporting to find House Bill No. 522 either constitutional or unconstitutional would be in complete violation of Article III and Article VI, Section 1, of the Constitution.

Many statutory bodies, in the performance of their duties, exercise quasi-judicial functions, and at times it is difficult to define the precise line where quasi-judicial functions and judicial functions overlap. *Owners of Land* vs. *Stookey,* 113 Ill. 296.

Board of Appeals under Section 46 of the Drainage Act was attacked as an illegal tribunal exercising judicial powers. The court held that the Board action was purely

ministerial, and did not violate the Constitution. *People, ex rel Kern,* vs. *Chase,* 165 Ill. 527.

Section 38 of the Torrens Act purported to clothe the Recorder of Deeds with authority to hear and determine adverse claims over land, and thereafter issue a certificate of title to one of the parties. This was challenged as being unconstitutional.

The court held that the power conferred upon the Recorder was a judicial function. His decision affected the rights of the parties claiming ownership, and, therefore, contravenes Article VI, Section 1, as this power is limited to the courts.

When the Court of Claims hears and determines the merits of a claim, and thereafter files its report with the Legislature, it is clearly exercising a quasi-judicial function.

When it is called upon to pass on the constitutionality of an act of the Legislature, it is manifestly clear that it is attempting to perform a judicial function of the highest order, and, being a commission of the Legislature, rather than a component part of the judicial department, it would violate Article VI, Section 1, of the Constitution.

In addition to the foregoing, there is another reason why this Court should not attempt to invalidate an act of the Legislature as expressed in the Court of Claims Law. No claimant has a constitutional right to reimbursement from the State for a claim, regardless of its merits. The Legislature can create or abolish the Court of Claims at its pleasure. Having created the Court, it may also establish rules, regulations and procedures for the consideration of such claims, and such rules, regulations and procedures may not be questioned by anyone, including

the Court, which has the responsibility of administering the law.

For the foregoing reasons, this Court finds that it does not have the jurisdiction, power or authority to rule on the constitutionality of the Court of Claims Law.

It is, therefore, ordered that the majority and minority opinions, heretofore filed on March 24, 1961, be expunged from the records.

It is further ordered that the motion of respondent to strike the complaint for failure of claimant to comply with Section 22-1 of the Court of Claims be allowed.