(No. 83-CC-0326–

Nile Marriott, Claimant, v. The State of Illinois, Respondent.

*Order filed December 21, 1982.*

*Order on motion to vacate filed September 26, 1983.*

Shea, Rogal & Associates, Ltd., for Claimant.

Tyrone C. Fahner, Attorney General (William E. Webber, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This cause coming on to be heard on the motion of the Respondent to dismiss, it appearing that due notice has been given, and the Court being fully advised in the premises;

Claimant seeks the sum of $55,696.08 for rent unpaid for the balance of the term of a lease entered into between him and the Respondent. The lease in question was signed on May 16, 1980, to be effective commencing June 1, 1980, for the 36-month period terminating on June 30, 1983. The tenant, the Environmental Protection Agency, vacated the premises prior to June 30, 1981, but paid the rent through said date.

The lease, a copy of which was attached to the complaint, contains a provision as follows:

"Lessor understands and agrees that continuation of this lease and all obligations and convenants hereunder, during the term, or any subsequent renewal or extension of this lease, shall be subject to passage of a suitable appropriation to the Agency by the General Assembly of the State of Illinois, and to lawful availability to the Agency of sufficient funds for the payment of rent. If this lease is terminated as hereinafter provided, the rental of the monthly rate specified shall be payable only to the date of termination."

The Civil Administrative Code (Ill. Rev. Stat., ch. 127, par. 63b13.2), requires that all leases negotiated by the Department of Administrative Services contain such a clause.

Apparently the legislature in appropriating funds for the Environmental Protection Agency's ordinary and contingent expenses for fiscal years 1982 and 1983 inserted language to the effect that the line item appropriation for contractual services could not be used to pay the rent on the lease in question here. It would therefore seem the lease agreement was conditional, and with the condition not having been met it cannot be enforced. However, Claimant asserts in his complaint (he filed no responsive pleading to the motion to dismiss; the time for doing so having expired at the time this opinion was being prepared) that the language in the appropriations legislation restricting the agency's use of the line item is a substantive provision and such provisions are without effect, presumably because they are unconstitutional. In its motion to dismiss, Respondent makes a counter-argument in favor of the legislation's constitutionality.

Although a copy of the legislation was not provided us by either party, we find it unnecessary to review it. We find that this Court's holding on rehearing in the case of *Gossar v. State* (1962), 24 Ill. Ct. Cl. 183, 192, is dispositive of the issue. We do not feel authorized to pass on the constitutionality of an act of the legislature. In addition, it should be pointed out that we have no authority to grant the relief sought without going to the legislature and it has already considered the matter.

Accordingly, we find that the lease was conditional, that the condition was not met, and therefore the terms of the lease cannot be enforced. It is hereby ordered that this claim be, and hereby is, dismissed.

## ORDER ON MOTION TO VACATE

Roe, C.J.

This cause comes on to be heard on the Claimant's motion to vacate, due notice having been given, and the Court being fully advised in the premises:

We have reviewed the motion at bar and find that it does not state sufficient cause to vacate our order of dismissal dated December 21, 1982. No error was alluded to nor were any facts supposedly overlooked alleged.

Wherefore, it is hereby ordered that this claim be, and hereby is, dismissed.