(No. 83-CC-1438–■■■■■■)

THOMAS C. WOODARD and CHERRILYN K. WOODARD, minors, by their Mother & Next Friend PATRICIA A. WOODARD, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 21, 1987.*

*Order filed May 15, 1995.*

JEROME MIRZA & ASSOC., LTD. (DAVID V. DORRIS, of counsel), for Claimants.

JIM RYAN, Attorney General (CLAIRE TAYLOR, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This cause comes on for hearing upon the motion to dismiss filed herein by the Respondent; and the Court having reviewed the documents filed in connection with the motion to dismiss, having heard arguments on the motion to dismiss, and having considered the memorandum of law filed herein by the Claimant and the Respondent, the Court makes the following findings:

(1) That this Court can find no basis for the Claimant, Patricia A. Woodard, being allowed to maintain her claim, in that it is apparent that her claim was filed well after the statute of limitations and the notice requirement had run. In addition, it does not appear of record that she is under any legal disability, under age, or under any other

factual situation which would excuse the late filing of notice or the late filing of the complaint.

(2) That the Court has considered the arguments as to the lack of notice filed herein by Thomas C. Woodard, II, and Cherrilyn K. Woodard, both minors. The Court has considered the arguments of counsel and has reviewed the cases applicable to this instance. The Court has specifically taken into consideration sections 101 and 103 of the Tort Immunity Act. (745 ILCS 10/8—101, 10/8—103.) These are the tort immunity statutes which apply to other governments in the State of Illinois not covered by the Court of Claims Act. The Court has considered prior Court of Claims cases on point, *Roberts v. Illinois*, 24 Ill. Ct. Cl. 120, *Gossar v. Illinois*, 24 Ill. Ct. Cl. 183. From reviewing these prior cases, other legislation which is similar, and Illinois Appellate Court cases construing the other statutes previously cited, it is apparent to this Court that the notice provision should not be applied to minors.

For the foregoing reasons, it is ordered:

(1) That the claim of Patricia A. Woodard be and hereby is dismissed, with prejudice.

(2) That the claims of the minor Claimants are not dismissed, and this case shall be set for further consideration consistent with the claim.

(3) That this order does not affect the Respondent's other grounds for dismissal. Therefore, the motion to dismiss, in terms of the requirement that the complaint be verified, is well taken. In addition, the Claimant's complaint should state a cause of action, including a bill of particulars with specific information as to damages, medical treatment, and employment. Therefore, that part of the motion to dismiss which alleges the complaint is not

verified and does not contain a bill of particulars is well stated. Wherefore, the motion to dismiss is granted on those grounds, and the two minor Claimants remaining in the case are given 90 days from the effective date of this order to comply with those requirements.

## ORDER

PATCHETT, J.

The Court being fully advised of the issues involved in the case, does hereby dismiss this cause of action.